# In the United States Court of Federal Claims

No. 18-945C
(E-Filed: April 2, 2019)

|  |  |  |
|---|---|---|
| NEIL ZACCARI, | ) ) ) | Copyright; 28 U.S.C. § 1498(b) (2012); Claim for Infringement of Software Developed Independently of Contract Work for the Government; 28 U.S.C. § 1500 (2012); Whether Two Suits Filed Simultaneously in District Courts Bar Suit in This Court. |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| THE UNITED STATES, | ) ) |  |
| Defendant. | ) ) ) |  |

Robert D. Michaux, Richmond, VA, for plaintiff. Kirk T. Schroder, of counsel.[1]

Gary L. Hausken, Director, with whom was Joseph H. Hunt, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

    The court has before it defendant's motion to dismiss, which is brought pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 8. The motion has been fully briefed. Oral argument was neither requested by the parties nor deemed necessary by the court.

    Within his response brief, plaintiff states that he withdraws Counts II and III of his complaint. See ECF No. 9 at 1 (plaintiff's response). Thus, plaintiff represents that his only remaining claim before the court is one for copyright infringement, Count I of the corrected complaint, brought pursuant to 28 U.S.C.

---

[1]     Although the corrected complaint and plaintiff's response brief were filed by Mr. Michaux, counsel for plaintiff is now Mr. Schroder. See ECF No. 18.

§ 1498(b) (2012).[2]  See ECF No. 4 at 8-10 (corrected complaint, hereinafter complaint).  According to defendant, this claim is barred by 28 U.S.C. § 1500 (2012) because plaintiff filed two suits in two federal district courts the same day he filed the subject matter in this court.  See ECF No. 8 at 3-6 (defendant's motion); ECF No. 14 at 2-8 (defendant's reply).  For the reasons stated below, defendant's motion to dismiss is **DENIED** in part, as to Count I of the complaint, and **GRANTED** in part, as to Counts II and III of the complaint.

I.    Factual Background[3]

Plaintiff Neil Zaccari asserts that he developed, and registered a copyright for, contract receipt and review (CRR) Software.  ECF No. 4 at 2-3; ECF No. 4-1 at 2.  Mr. Zaccari also worked as a "business process redesign consultant" between 2015 and 2017 for Apprio, Inc. (Apprio), which at that time was a contractor for the Defense Contract Management Agency (DCMA).  ECF No. 4 at 1, 3, 7.  Generally, plaintiff contends that he demonstrated his CRR Software to Apprio and DCMA, and that DCMA infringed upon his copyrighted software.  Id. at 4-10.

According to plaintiff, another contractor for DCMA, Discover Technologies LLC (DT), collaborated with DCMA "to copy Zaccari's CRR Software and prepare a derivative work that uses some or all of the source code in Zaccari's CRR Software."  Id. at 1, 6.  DT is alleged to have submitted invoices to DCMA "while it used Zaccari's CRR Software without his authorization."  Id. at 8.  Generally, DCMA is alleged to have shared copies of the CRR Software with other United States Department of Defense agencies, and to have widely disseminated a derivative software product, ConCISE, among its employees.  Id. at 6-8.  Mr. Zaccari seeks $63,000,000 in damages in this suit.  Id. at 13.

Mr. Zaccari filed three suits on June 29, 2018.  Aside from the complaint filed here against the United States, he filed "complaints against Apprio in the U.S. District Court for the District of Columbia and against DT in the U.S. District

---

[2]    In relevant part, this statutory provision states that "whenever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States, by a corporation owned or controlled by the United States, or by a contractor, subcontractor, or any person, firm, or corporation acting for the Government and with the authorization or consent of the Government, the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims."  28 U.S.C. § 1498(b).

[3]    The facts are taken from plaintiff's complaint and are undisputed by defendant in its motion to dismiss.  The court makes no findings of fact here.

Court for the Eastern District of Virginia." Id. at 1.  The court reserves—for the analysis section of this opinion—its review of relevant facts alleged in the complaint on this court's docket, and the complaints filed in the district court suits. The court turns first to the standard of review applicable to defendant's motion to dismiss.

II.     Standard of Review for Motions Brought Under RCFC 12(b)(1)

When reviewing a complaint to determine its jurisdiction over a plaintiff's claims, this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988) (citations omitted).  Plaintiff bears the burden of establishing subject matter jurisdiction, Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)), and he must do so by a preponderance of the evidence, Reynolds, 846 F.2d at 748 (citations omitted).  If jurisdiction is found to be lacking, this court must dismiss the action.  RCFC 12(h)(3).

III.    Analysis

Before turning to Count I of the complaint, the copyright infringement claim, the court briefly addresses Count II, a claim requesting preliminary and permanent injunctive relief, and Count III, titled "misappropriation of trade secret."  ECF No. 4 at 11-13.  Although plaintiff, in his response brief, states that he has withdrawn these two claims, see ECF No. 9 at 1, defendant requests that the court dismiss Counts II and III to ensure that the withdrawal of these claims is achieved by a means sanctioned by this court's rules.  See ECF No. 14 at 1 n.1. Dismissal of Counts II and III is warranted for the following reasons.

    A.     Preliminary and Permanent Injunctive Relief (Count II)

Count II of the complaint requests preliminary and permanent injunctive relief.  See ECF No. 4 at 11-12.  "Except in strictly limited circumstances, see 28 U.S.C. § 1491(b)(2) [(2012)], there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief."  Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000) (citations omitted).  As defendant explains in its motion to dismiss, there is no exception to this general rule for copyright infringement cases brought under § 1498(b).  See ECF No. 8 at 7-8 (citing cases); e.g., Boyle v. United States, 44 Fed. Cl. 60, 65 (1999) (Boyle I) (citations omitted), aff'd, 200 F.3d 1369 (Fed. Cir. 2000).  Because plaintiff has not met its burden to establish this court's jurisdiction over the injunctive relief requested in

3

Count II of the complaint, Count II must be dismissed. <u>Alder Terrace</u>, 161 F.3d at 1377.

### B. Misappropriation of Trade Secret (Count III)

Count III of the complaint asserts that the Defend Trade Secrets Act of 2016 (DTSA), 18 U.S.C.A. § 1836(b) (West Supp. 2018), provides a remedy for plaintiff in this court for the misappropriation of plaintiff's trade secret. ECF No. 4 at 12-13. The DTSA indicates that the district courts, not this court, possess jurisdiction to hear such claims. 18 U.S.C.A. § 1836(c) (West Supp. 2018). The court finds that plaintiff has not established jurisdiction for the claim brought in Count III of the complaint. Accordingly, Count III must be dismissed.

### C. Copyright Infringement (Count I)

The court turns to defendant's challenge to plaintiff's sole remaining claim, Count I of the complaint, the claim for copyright infringement by the United States. Defendant asserts that this claim is barred by 28 U.S.C. § 1500 because plaintiff filed two suits in federal district courts on the same day that he filed the subject matter in this court.

#### 1. Section 1500 and Relevant Precedent

The jurisdictional bar relied upon by defendant is as follows:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. The test which identifies a pair of claims that triggers the bar—one pending in a district court, another filed in this court—is provided by the Supreme Court of the United States:

> Two suits are for or in respect to the same claim, precluding jurisdiction in the CFC, if they are based on substantially the same operative facts, regardless of the relief sought in each suit.

<u>United States v. Tohono O'Odham Nation</u>, 563 U.S. 307, 317 (2011) (<u>Tohono</u>).

The United States Court of Appeals for the Federal Circuit has distilled the § 1500 inquiry into two essential steps:

> To determine whether § 1500 applies, a court must make two inquiries: (1) whether there is an earlier-filed suit or process pending in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are for or in respect to the same claim(s) asserted in the later-filed Court of Federal Claims action.

Brandt v. United States, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (internal quotations and citations omitted). Where, as here, the plaintiff does not dispute that the district court suits were pending when the complaint in this court was filed, see ECF No. 9 at 3, it is only the second element of the Brandt test that must be determined by the court.[4] E.g., Res. Investments, Inc. v. United States, 785 F.3d 660, 664 (Fed. Cir. 2015) (Resource Investments). The second element of the Brandt test focuses on whether the district court complaint and the complaint here contain "a substantial overlap of operative facts that implicates the § 1500 bar." Cent. Pines Land Co. v. United States, 697 F.3d 1360, 1365 (Fed. Cir. 2012) (Central Pines) (citations omitted).

Neither party attempts to apply the precedential Federal Circuit decision most on point, Trusted Integration, Inc. v. United States, 659 F.3d 1159 (Fed. Cir. 2011), to the "overlap of operative facts" question here. The Trusted Integration decision is not easy to summarize, but in general, the Federal Circuit examined the contractual agreements that gave rise to the breach claims in each suit, the actions and conduct that were relevant to the claims in each suit, and the evidence that would be "legally operative" to prove the claims in each suit. Id. at 1167-68. The Federal Circuit acknowledged that parsing the complaints to determine whether there was a sufficient overlap of operative facts was "a close question" in that case. Id. at 1167. With this precedential guidance in mind, the court turns to the

---

[4]   Defendant cites Passamaquoddy Tribe v. United States, 82 Fed. Cl. 256, 271-72 (2008), aff'd, 426 F. App'x 916 (Fed. Cir. 2011), for a rule that district court suits filed on the same day as a suit in this court are per se pending for the purposes of § 1500. ECF No. 8 at 4-5. It should be noted that there are decisions of this court which disagree with the per se rule stated in Passamaquoddy. E.g., Nez Perce Tribe v. United States, 83 Fed. Cl. 186, 191-92 & nn.6-7 (2008); Breneman v. United States, 57 Fed. Cl. 571, 577 (2003), aff'd, 97 F. App'x 329 (Fed. Cir. 2004). The court need not reach the first element of the Brandt test, however, because the second element of the Brandt test is dispositive in this dispute.

5

complaint filed by Mr. Zaccari in this court and the complaints he filed in the district courts.

### 2. Copyright Claims Against the Defendants Named in Each Suit

In this suit, the only defendant is the United States, and the only claim that has not been dismissed is one for copyright infringement by the United States.[5] ECF No. 4 at 2, 10. The jurisdictional basis for this claim is 28 U.S.C. § 1498(b). Id. at 2. The factual allegations in the complaint that are pertinent to the copyright infringement claim focus on the actions of DCMA, primarily, with a secondary focus on Apprio and DT. Id. at 1-10. The allegations of fact pertinent to copyright infringement are summarized in this sentence: "Zaccari has been damaged by DCMA's willful, direct and indirect infringement of his CRR Software as alleged above and is entitled to recover for such infringement pursuant to 28 U.S.C. § 1498(b)." Id. at 10.

For the United States District Court for the District of Columbia suit (Apprio suit), the only defendant is Apprio. ECF No. 8-1 at 15. Among the four counts in the complaint is a claim for copyright infringement, found in Count II. Id. at 24-26. The jurisdictional foundation for the copyright claim against Apprio is 28 U.S.C. § 1338(a) (2012). Id. at 16. Although many of the facts alleged in the Apprio suit are identical to those alleged in the complaint in this court, a specific allegation is provided in support of the copyright infringement claim against Apprio:

> Apprio had knowledge of the direct infringement by DCMA and DT, and induced, caused, or materially contributed to the infringement by forcing Zaccari to give his CRR Software to DCMA, and failing to assist Zaccari with preventing the continued infringement.

Id. at 26.

For the United States District Court for the Eastern District of Virginia suit (DT suit), the only defendant is DT. ECF No. 8-1 at 2. Among the three counts in the complaint is a claim for copyright infringement, found in Count I. Id. at 10-11. The jurisdictional foundation for the copyright claim against DT is 28 U.S.C. § 1338(a). Id. at 3. Although many of the facts alleged in the DT suit are

---

[5]  Thus, the only remaining dispute for the court to resolve is whether the copyright infringement claim in Count I of the complaint is barred by § 1500.

identical to those alleged in the complaint in this court, two specific allegations are provided in support of the copyright infringement claim against DT:

> DCMA and DT willfully directly infringed Zaccari's exclusive rights in and to his CRR Software under the Copyright Act, 17 U.S.C. § 106, by copying, installing, and using it, and derivative works thereof, without Zaccari's authorization or license.
> [And,] DT had knowledge of the direct infringement by DCMA, and induced, caused, or materially contributed to the infringement by participating in the testing, implementation, further development, or use of either Zaccari's CRR Software or any derivative work thereof.

Id. at 11. Although the copyright infringement claim against DT was later dismissed by the district court, Zaccari v. Discover Techs. LLC, No. 3:18-CV-453-HEH, 2018 WL 6834362, at *5 (E.D. Va. Dec. 28, 2018), that fact is irrelevant to the § 1500 analysis, see Trusted Integration, 659 F.3d at 1166 n.2 ("We hold that the fact that the district court dismissed some of the counts of Trusted Integration's district court complaint has no effect on our analysis of each of the counts of the CFC complaint.").

### 3. Insufficient Overlap of Operative Facts to Trigger § 1500

#### a. The Parties' Arguments as to Operative Facts

As noted earlier in this opinion, the parties have not attempted to apply the holding of Trusted Integration, the precedential decision most on point, to the circumstances here which might or might not trigger the jurisdictional bar in § 1500. For this reason, the court will not address, in any detail, the authorities cited by the parties as to the operative facts in the district court complaints and the complaint filed in this court. In this regard, the court notes that defendant principally relies on a nonprecedential decision issued by the Federal Circuit which contains an abbreviated analysis of the operative facts in two complaints—that decision is of limited help here. See ECF No. 8 at 5 (citing Davis v. United States, 642 F. App'x 982, 984-85 (Fed. Cir. 2016); ECF No. 14 at 3 (same).

Plaintiff, for his part, relies on a decision issued by this court before the Supreme Court's Tohono decision clarified the correct application of § 1500. See ECF No. 9 at 4, 7-8 (citing d'Abrera v. United States, 78 Fed. Cl. 51, 58-59 (2007)). As defendant notes, the overarching § 1500 analysis in d'Abrera, issued before Tohono, uses the wrong test. ECF No. 14 at 3 & n.2. Not all of d'Abrera can be rejected out of hand, however, because this court, when analyzing the operative facts for claims which possibly might trigger § 1500, correctly focused

on the different types of conduct that were legally operative to support each type of claim. See 78 Fed. Cl. at 58 ("In short, plaintiffs' now-dismissed [false designation of origin] claim involved different conduct and was therefore not the 'same claim' as their copyright infringement claim . . . ."). This portion of the analysis in d'Abrera is consistent with the approach taken in Trusted Integration.[6]

Plaintiff also relies heavily on Boyle v. United States, 200 F.3d 1369 (Fed. Cir. 2000) (Boyle II). See ECF No. 9 at 3-4, 7 (citing Boyle II, 200 F.3d at 1372-73). Although Boyle II discusses the meaning of § 1498(b), Boyle II does not address the jurisdictional bar of § 1500. Defendant does not discuss Boyle II. The court does not find Boyle II to be instructive in this dispute.

> b. The Operative Facts Analysis Required by Trusted Integration

The court notes, at the outset, that much of the jurisprudence discussing § 1500 addresses complaints which are brought in two courts by the plaintiff, and in which the United States is named, or its officers are named, as a defendant or defendants in the two suits. E.g., Tohono, 563 U.S. at 309; Resource Investments, 785 F.3d at 663; Central Pines, 697 F.3d 1362; Trusted Integration, 659 F.3d at 1162. It is thus somewhat unusual that a suit in a district court brought against a business entity, such as a corporation or a limited liability company, would be identified as the trigger for a § 1500 challenge. The court notes that defendant has failed to cite to even one case where a suit brought solely against a private party was held to trigger the jurisdictional bar found in § 1500.

Defendant's motion to dismiss could be read as an attempt to extend the reach of § 1500 so that it applies where the United States should have been named as a defendant in the district court but was not. To be sure, defendant relies, instead, on language in § 1500 which includes not just claims against the United States, but claims against "any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States." 28 U.S.C. § 1500. As defendant notes in its reply brief, the "under the authority of the United States" statement in § 1500, as this term is applied to government contractors, could be read to require an "in-depth legal analysis of . . . whether the

---

[6] Decisions of the United States Court of Federal Claims do not bind the court in this matter but may provide persuasive authority. See, e.g., W. Coast Gen. Corp. v. Dalton, 39 F.3d 312, 315 (Fed. Cir. 1994) ("Court of Federal Claims decisions, while persuasive, do not set binding precedent for separate and distinct cases in that court.") (citations omitted).

government contractor[s] at issue here were acting with authorization and consent" of the United States. ECF No. 14 at 5. Defendant cites to no authority, other than to the plain language of § 1500, for its contention that a suit against Aprio or DT could bar a suit against the United States in this court.

The jurisdictional consideration which led to the filing of three suits on the same day, plaintiff argues, is the fact that copyright infringement suits brought under § 1498(b) only address government contractor conduct that was <u>authorized</u> by the United States. ECF No. 9 at 3-8. It is helpful to look at patent infringement claims cognizable under 28 U.S.C. § 1498(a) (2012), a closely related statutory provision, to better understand the scope of § 1498(b).[7] See <u>Boyle I</u>, 44 Fed. Cl. at 62 & n.3 (noting the close relationship between the provisions and looking for guidance in § 1498(a) caselaw) (citations omitted). If a private entity is sued for patent infringement in a district court, but that infringement was authorized by and for the United States, the district court suit will be dismissed because the claim could only be brought in this court under § 1498(a). <u>Advanced Software Design Corp. v. Fed. Reserve Bank of St. Louis</u>, 583 F.3d 1371, 1378-79 (Fed. Cir. 2009). Thus, the operative facts for infringement claims against a private entity in the district courts concern conduct unauthorized by the United States, whereas the operative facts for infringement claims in this court concern conduct authorized by the United States. See, e.g., <u>Ensign-Bickford Aerospace & Def. Co. v. United States</u>, 118 Fed. Cl. 363, 369 & n.4 (2014) (noting that the party's counterclaims in the district court were crafted to only address a government subcontractor's conduct not authorized by the United States, so as to avoid dismissal of infringement claims exclusively assigned to this court by § 1498(a)); see also <u>Nextec Applications, Inc. v. United States</u>, 114 Fed. Cl. 532, 537-38 (2014) (refusing to bar patent infringement claims against the United States under § 1500, where, in the district court suit, all claims against the government contractor which implicated liability on the part of the United States had been dismissed, pursuant

---

[7]  Two provisions of this statute are relevant here. First, "[w]henever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture." 28 U.S.C. § 1498(a). Also, "[f]or the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States." <u>Id.</u>

to § 1498(a), before the suit was filed in this court against the United States under § 1498(a)).

When the complaints in the Apprio suit and the DT suit are viewed in the light of these authorities, there is a fundamental divide between the conduct which would be legally operative to prevail on the copyright infringement claims in the district courts, and the conduct which would support the copyright infringement claim under § 1498(b) in this court.  It may be that a great host of facts would be exactly the same in all three suits, but the <u>conduct</u> necessary to prevail in the district courts would be markedly different from the <u>conduct</u> at issue in this suit.  As the Federal Circuit noted in <u>Trusted Integration</u>, the operative facts in each suit are those facts which are "legally operative for establishing" the claim.  659 F.3d at 1168.  Under this precedent, the copyright infringement claims in the Apprio suit and the DT suit are not "based on substantially the same operative facts" as the copyright infringement claim brought in this suit, and § 1500 does not bar plaintiff's claim for copyright infringement under § 1498(b).  <u>Tohono</u>, 563 U.S. at 317.

IV.   Conclusion

Counts II and III of plaintiff's complaint must be dismissed for want of subject matter jurisdiction.  RCFC 12(h)(3).  The copyright infringement claim brought under 28 U.S.C. § 1498(b) in Count I of plaintiff's complaint, however, survives defendant's challenge founded on 28 U.S.C. § 1500.  The court notes that defendant has requested that further litigation of Count I be stayed pending rulings in the Apprio suit and related litigation.  ECF No. 8 at 9-10.  The court will permit the parties an opportunity to confer as to the stay proposed by defendant, and to report to the court their recommendations as to the next steps in this litigation.

Accordingly,

(1) Defendant's motion to dismiss, ECF No. 8, is **DENIED** in part, as to Count I of plaintiff's complaint, and **GRANTED** in part, as to Counts II and III of plaintiff's complaint;

(2) Pursuant to RCFC 54(b), because there is no just reason for delay, the clerk's office is directed to **ENTER** final judgment **DISMISSING** Count II and Count III of plaintiff's complaint for lack of subject-matter jurisdiction, without prejudice; and

(3) On or before **April 26, 2019**, the parties shall **CONFER** and **FILE** a **joint status report** in this matter.  The status report shall include the parties' positions on a stay in this matter pending the outcome of

related litigation in the district courts, and an agreed-upon schedule for proposed further proceedings in this matter should the court determine that a stay is not warranted.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith<br>
PATRICIA E. CAMPBELL-SMITH<br>
Judge